UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES MARCHAND,

    Plaintiff,

v.                                    CASE No. 8:11-CV-2458-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-three years old at the time of the administrative decision and who has one year of a college education, has

---

    *The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

worked at various jobs, including as a telemarketer (Tr. 48, 136, 165). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to a heart condition and a back condition (Tr. 160). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "status-post stent insertion; angina pectoris; benign hypertension; hypercholesterolemia; coronary atherosclerosis of native vessel; obesity; spine impairment; [and] melanoma" (Tr. 15). She concluded (Tr. 17):

> [T]he claimant has the residual functional capacity to sit for up to 6 hours in an 8-hour workday; stand/walk for up to 2 hours in an 8-hour workday; occasionally lift 20 pounds and frequently lift less than 10 pounds; frequently twist, stoop, crouch, climb ladders and stairs; avoid even moderate exposure to cigarette smoke and perfumes; and will have one day a month for medical absence.

The law judge determined that, despite these limitations, the plaintiff could perform past relevant work as a telemarketer (Tr. 20). Accordingly, she

decided that the plaintiff was not disabled (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B). In this case, also, the plaintiff must show that he became disabled before his insured status expired on June 30, 2010, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a

similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

As the Commissioner points out (Doc. 23, p. 6), the plaintiff does not challenge any of the law judge's findings regarding the plaintiff's physical impairments, so that, in light of the scheduling Order (Doc. 12, p. 2), any such contentions are deemed abandoned. The plaintiff, rather, raises two contentions, both of which relate to the finding that the plaintiff could return to past work. Neither contention is meritorious.

The plaintiff argues first that the law judge erred in finding that the job of telemarketer was past relevant work. Under the regulations, in

order to constitute past relevant work, a job must have been done within the last fifteen years, it must be substantial gainful activity, and it must have been performed long enough for the plaintiff to learn to do it. 20 C.F.R. 404.1560(b)(1), 416.960(b)(1). There is substantial evidence establishing that the plaintiff's prior work as a telemarketer meets these criteria.

In this respect, the law judge stated (Tr. 20):

> The claimant has past relevant work as a telemarketer. The claimant testified he worked as a telemarketer in 2000 for at least two months. He earned $1,792. The amount needed to establish substantial gainful activity in 2000 was $700 per month. Accordingly, the claimant worked at this job at substantial gainful activity level because his monthly earnings exceeded the minimum monthly amount of $700. The vocational expert testified that two months was sufficient to learn the job. This is past relevant work because it was performed within the past 15 years, was of sufficient time to learn the job, and was done at a substantial gainful activity level. Therefore, the undersigned finds the claimant had past relevant work as a telemarketer.

The plaintiff challenges the finding that the telemarketing job constituted substantial gainful activity. The law judge noted that, if in 2000 a plaintiff averaged $700 per month, that would amount to substantial gainful activity. See 20 C.F.R. 404.1574(b)(2)(i), Table 1; 416.974(b)(2)(i), Table

1. The plaintiff earned $1,792 as a telemarketer in 2000 (Tr. 143). He testified that he worked as a telemarketer for "[m]aybe a couple of months or so" (Tr. 48). The law judge interpreted this to mean "about two months" (Tr. 56), or "at least two months" (Tr. 20). Under this interpretation, the plaintiff exceeded the average of $700 per month needed for substantial gainful activity.

The plaintiff argues that he did not say "two months" (Doc. 20, p. 8). Nevertheless, he did say a "couple of months or so." A couple of months generally means two months. See Webster's Third New International Dictionary (unabridged ed.), p. 522. Consequently, the law judge's interpretation that "a couple of months or so" is about two months, or at least two months is reasonable. Importantly, the burden is on the plaintiff to show that a prior job was not past relevant work. Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). Therefore, if the plaintiff's testimony on this point was less than clear, it was the plaintiff's burden to clarify it.

Similarly, the plaintiff's assertion that the law judge should have contacted the plaintiff's prior employer to develop the record on his employment is mistaken. The burden to do that was on the plaintiff's

representative, and not the law judge. Id.; see also Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

In short, the record contains substantial evidence to support the law judge's finding that the plaintiff's job as telemarketer constituted substantial gainful activity. The plaintiff has clearly failed to show that the evidence compels a contrary finding. See Adefemi v. Ashcroft, supra.

The plaintiff argues further that the telemarketing job was not past relevant work because the plaintiff did not do the job long enough to learn how to do it. At the hearing a vocational expert testified that the telemarketing job would fall in a range of one to three months to learn (Tr. 56). She added, when asked if two months would be sufficient time to learn how to do the job, that "it's right dead-on in the middle" of the range (Tr. 57). This testimony provides substantial evidence for the law judge's finding that "two months was sufficient to learn the job" (Tr. 20).

Pointing to the expert's additional comment that it "[d]epends on what's being marketed" (Tr. 57), the plaintiff speculates that, if the plaintiff were selling magazine subscriptions, it might take more than two months to learn the job (Doc. 20, pp. 9-10). The plaintiff, however, testified that he did

not remember what he was marketing (Tr. 57). Moreover, there is no evidence in the record supporting the speculation that it would take more than two months to learn to sell magazine subscriptions over the phone. In all events, the plaintiff did not testify that he was unable to learn the telemarketing job in the time he spent doing it, and it was his burden to come forward with such evidence.

Indisputably, the job of telemarketer was performed within fifteen years of the law judge's decision.

Under these circumstances, there is substantial evidence supporting the law judge's finding that the job of telemarketer satisfies each of the three criteria of past relevant work.

The plaintiff's second contention is that the law judge erred by failing to ask a complete hypothetical question to the vocational expert (Doc. 20, p. 10). This contention also is unpersuasive.

In this case, the law judge asked the vocational expert a hypothetical question that matched the residual functional capacity that the law judge found for the plaintiff (compare Tr. 17 with Tr. 59-60). Moreover, that residual functional capacity determination coincided exactly with the

opinion of the plaintiff's functional limitations that was rendered by Dr. Lingappa Amarchand, the plaintiff's treating cardiologist (Tr. 599-603). Significantly, the law judge expressly "adopt[ed] Dr. Amarchand's suggested residual functional capacity" (Tr. 20). Consequently, the operative hypothetical question tracked the functional limitations opined by the plaintiff's treating cardiologist (see Tr. 59).

The plaintiff argues that the hypothetical question should have included a limitation to work with only low stress (Doc. 20, p. 11). However, the form filled out by Dr. Amarchand contained a space to indicate such a limitation, and the doctor did not mark that space (Tr. 599-600).

The plaintiff relies upon a form filled out by Dr. Jacquez Aristilde, a primary care physician of the plaintiff, who did mark on a form that the plaintiff was "[c]apable of low stress work" (Tr. 589). The law judge, however, gave greater weight to the opinion of Dr. Amarchand than that of Dr. Aristilde, noting "Dr. Amarchand has treated the claimant longer, is a specialist, and his opinion is more consistent with the medical evidence of record" (Tr. 19). The law judge stated further that "[t]he opinion of Dr. Aristilde is premised in part on what is called the claimant's uncontrolled

hypertension," but that "[t]his is inconsistent with the record because the record shows the claimant's hypertension is controlled with medication" (Tr. 19-20).

Moreover, Dr. Aristilde's opinion of "capable of low stress jobs" is unexplained. Thus, although the form asked for the reasons for that conclusion, the space was left blank.

The plaintiff suggests that the limitation of low stress jobs is supported by the plaintiff's anxiety disorder (Doc. 20, p. 11). However, the law judge considered the plaintiff's anxiety and depression, and found that they were nonsevere impairments (Tr. 16). That finding is supported by the opinions of two nonexamining reviewing psychologists (Tr. 487, 525). It is also supported by the absence of treatment from a mental health provider (Tr. 16). In addition, Dr. Aristilde's notes regularly state that the plaintiff is only "slightly anxious" (see, e.g., Tr. 567, 569).

Clearly, the law judge implicitly rejected a limitation to low stress work. Thus, he expressly discounted Dr. Aristilde's opinion, which is where that limitation was opined. Moreover, as just shown, that rejection was reasonable since the opinion was not supported by the evidence in the record.

Notably, since the law judge is not required to refer in her decision to every piece of evidence, Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005), she plainly is not required to discuss every item in every piece of evidence, such as the one question regarding low stress jobs in a four-page questionnaire.

In light of the law judge's implicit rejection of a limitation to low stress jobs, she was not required to include the limitation in the hypothetical question. Thus, the law judge is not required to include restrictions in the hypothetical question that she properly finds are unsupported. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

This contention fails also for the additional reason that the plaintiff has not demonstrated that the lack of a limitation to low stress work constitutes reversible error. The plaintiff argues that, if the law judge had included such a limitation in her hypothetical question, there is a reasonable probability the job of telemarketer would be eliminated (Doc. 20, pp. 11-12).

This contention is unpersuasive in two respects. In the first place, it was not the law judge's duty to include such a limitation. The plaintiff had a representative at the hearing and he asked questions of the expert (Tr. 61-63). Since it was the plaintiff's burden to show that he could

not return to past work, any failure to ask about a limitation of a low stress job is properly attributed to the plaintiff and his representative.

Furthermore, it is not readily apparent that a limitation to low stress work would eliminate the job of telemarketer. That job, after all, is a sedentary one. Thus, it is speculation whether a limitation to low stress work would exclude the job of telemarketer. The plaintiff cannot prevail on such speculation, particularly since he had the opportunity to clear it up.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 28th day of December, 2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE